UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                            Case No. 8:07-cr-203-T-27AEP

ADRIAN LORENZO THOMAS

_____/

### ORDER

**BEFORE THE COURT** is Defendant's *pro se* Emergency Motion to Reduce or Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and/or § 12003(b)(2) of the Cares Act, Passed into Law on March 27, 2020 (Dkt. 124). A response is unnecessary. The motion is **DENIED without prejudice**.

Thomas stands convicted of possession with intent to distribute cocaine base (Counts One and Three), and possession with intent to distribute cocaine (Count Four). (Dkt. 66). He was sentenced to concurrent terms of 294 months on each count, and concurrent terms of supervised release of 8 years on Counts One and Three and 6 years on Count Four. (Dkt. 76). This Court granted a subsequent motion to reduce the sentence pursuant to section 404 of the First Step Act, reducing Thomas' sentences on Counts One, Three, and Four to 211 months, followed by 6 years of supervised release. (Dkts. 120, 121). He seeks a further reduction "to minimize his exposure of contracting the novel zoonotic highly dangerous Coronavirus, also known as COVID-19." (Dkt. 124 at 1). He further asserts that his rehabilitation efforts support his motion, and that "his continued incarceration does not serve any legitimate sentencing goal at this point." (Id. at 17). His contentions, however, are without merit.

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies following the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion. *See* First Step Act of 2018, § 603(b). Although Thomas alleges that he has requested the Bureau of Prisons to file a motion on his behalf, he does not allege when he made that request, nor does he provide any documentation reflecting that he has exhausted all available "administrative remedies" in the Bureau of Prisons. (Dkt. 124 at 10). He further contends that because of "the high possibility of contracting [COVID-19] in prison," courts may excuse the exhaustion requirement. (Id. at 11). Contrary to his contention, however, there is no statutory authority to reduce his sentence for the reasons he advances.[1]

Even if he had exhausted all his administrative remedies, Thomas has not shown extraordinary and compelling reasons warranting a modification of his sentence. While the First Step Act provides for a sentence reduction based on "extraordinary and compelling circumstances," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). What constitutes "extraordinary and compelling circumstances" is not defined, except that "[r]ehabilitation of the defendant alone" is insufficient. *See* 28 U.S.C. § 994(t).

The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C)

---

[1] *See United States v. Smith*, Case No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic"); *United States v. Kranz*, Case No. 2:18-CR-14016, 2020 WL 2559551, at *2-3 (S.D. Fla. May 20, 2020) (noting that district courts are split on whether a court may waive the exhaustion requirement in § 3582(c)(1)(A) and finding that, in the Eleventh Circuit, courts "cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A).").

family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the Bureau of Prisons. § 1B1.13, cmt. n.1. None of the circumstances Thomas relies on fall within these circumstances. Nor does he provide any medical documentation in support of his assertion that he "suffers a compromised immune system from his asthma conditions" or identify what effect his prior infection of coronavirus has on the merits of his motion. (Id. at 3, 4); *see United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition); *see also United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019) (denying compassionate release where defendant asserted he was diagnosed with a brain tumor, but does not "indicate that he is unable to care for himself while incarcerated").

Additionally, while Thomas' rehabilitation efforts are admirable, rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). And although he cites the sentencing factors in 18 U.S.C. § 3553, in the absence of an extraordinary and compelling reason or another basis to warrant a reduction, this Court cannot reduce his sentence. *See* (Dkt. 124 at 16); 18 U.S.C. § 3582(c)(1).

In sum, because Thomas has not shown that he has exhausted the administrative remedies available to him, the Court is therefore without authority to consider the merits of his release request. Moreover, his reasons for release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes. These reasons are not, therefore, consistent with the policy

statement in § 1B1.13. Accordingly, because he has not shown extraordinary and compelling reasons or any other basis to grant compassionate release, the Court is without authority to grant relief, and the motion for sentence reduction is **DENIED without prejudice**.[2]

**DONE AND ORDERED** this 19th day of June, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation Office

---

[2] In the alternative, Thomas requests that his sentence be reduced or modified pursuant to section 12003(b)(2) of the CARES Act. (Dkt. 124 at 1). However, section 12003(b)(2) of the CARES Act pertains to the Bureau of Prisons' authority under 18 U.S.C. 3624(c)(2) to place an inmate on home confinement. CARES Act, Pub.L. 116-136, Div. B, Title II, § 12003(b)(2). Indeed, the authority to place a prisoner on home confinement rests solely with the BOP. *See* 18 U.S.C. § 3624(c)(2); *United States v. Henry Lee Brown*, Case No. 3:10-cr-282-J-34JBT, 2020 WL 3051352, at *1 (M.D. Fla. June 8, 2020) (finding that "a district court 'has no authority to grant [a defendant's] request for placement in home confinement. Rather, § 3624(c)(2) grants the BOP with the exclusive authority to determine an inmate's place of confinement.'" (citation omitted)). Accordingly, Thomas' request for relief is without merit.