UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                 Case No. 8:07-cr-203-T-27AEP

ADRIAN LORENZO THOMAS

_____/

## ORDER

**BEFORE THE COURT** are Defendant's *pro se* "Motion Seeking Request to File Reconsideration Motion Out of Time" (Dkt. 127) and "Motion for Reconsideration" (Dkt. 128). No response is necessary. Upon consideration, his motion seeking leave to file his motion for reconsideration is **GRANTED**. His motion for reconsideration is **DENIED**.

### Motion Requesting Leave to File Motion for Reconsideration

Although motions for reconsideration are not expressly authorized by the Federal Rules of Criminal Procedure, this Circuit permits motions for reconsideration in criminal cases in certain circumstances. *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010). To be timely, a criminal motion for reconsideration must be filed within the period permitted to file a notice of appeal. *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992). Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure allows a defendant fourteen days to file a notice of appeal after the entry of a criminal order. Therefore, Thomas had to file his motion on or before July 3, 2020.

Thomas contends that he could not timely file his motion for reconsideration. (Dkt. 127 at 2). Specifically, he asserts that when he tried to "make it to the prison legal mail box department"

on July 2, he "was informed that all prison movement had been ceased due to an outbreak of the highly dangerous COVID-19 virus." (Id.). To support that assertion, he attaches correspondence from a correctional counselor that reflects "FCC Coleman-Medium was on lock down status due to COVID-19, from July 2, 2020 through [at least July 9, 2020]" and that "inmates were unable to access the law library to address ongoing legal filings." (Dkt. 127-1). Based on this information, this Court finds that Thomas has demonstrated good cause to extend the time in which he could file his motion for reconsideration. *See* Fed. R. App. P. 4(b)(4); *United States v. Arrate-Rodriguez*, 160 F. App'x 829, 833 (11th Cir. 2005). Accordingly, his motion for reconsideration is accepted as timely.

## Motion for Reconsideration

Thomas seeks reconsideration of the order denying his Emergency Motion to Reduce or Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)(i) and/or § 12003(b)(2) of the Cares Act. (Dkts. 124, 126).[1] He contends that "this Court should reconsider whether [he] needs to fully exhaust his administrative remedies before seeking relief under § 3582(c)(1)(A)(i)." (Dkt. 128 at 3-4). He further contends that "this Court should reconsider whether the BOP's inability to handle a COVID-19 outbreak constitutes 'Extraordinary and Compelling reasons' to grant relief under § 3582(c)(1)(A)(i)." (Id.). Assuming the motion is permissible, Thomas' contentions do not warrant reconsideration.[2]

---

[1] Under 18 U.S.C. § 3582(c), a sentence may only be modified under three circumstances: (1) on motion of either the Bureau of Prisons or the defendant; (2) under Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission. As discussed here and in the order denying his previous motion, none of the three circumstances presents itself here. *United States v. Denson*, 963 F.3d 1080, 1086 & n.5 (11th Cir. 2020).

[2] Applying the standard for reconsideration in civil cases, the only grounds for reconsidering a ruling are the submission of newly-discovered evidence or a demonstration of manifest error. *Kight v. IPD Printing & Distributing, Inc.*, 427 F. App'x 753, 755 (11th Cir. 2011) (citation omitted).

As to his first contention, the First Step Act amended § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting administrative remedies available to him following the failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). In the order denying his motion, this Court noted that Thomas failed to provide documentation showing that he exhausted his administrative remedies (Dkt. 126 at 2). The order further provided, however, that even if he had shown that his administrative remedies were exhausted, he did not show extraordinary and compelling reasons warranting a modification of his sentence. (Id.). Here, unlike in his previous motion, Thomas does provide documentation reflecting that 30 days elapsed after requesting the warden to consider compassionate release (Dkt. 128-1). However, because this Court also denied his motion for compassionate release on the merits, this new information does not warrant reconsideration.

As to Thomas' second contention that the BOP's "inability to handle a COVID-19 outbreak does arise to 'Extraordinary and Compelling reasons' . . . under the catch-all provisions of § 3582(c)(1)(A)(i)," that contention was considered and found to be without merit. Specifically, in the order denying his motion, this Court found that none of the circumstances he raised in his motion fell within U.S.S.G. § 1B1.13's list of "extraordinary and compelling reasons." (Dkt. 126 at 2-3). Indeed, the "catch-all" provision found in 1B1.13 cmt. n.1(D) was considered in the order denying his motion. And although he contends that "[t]he passage of § 3582(c)(1)(A)(i) now trumps the policy statement application notes within § 1B1.13," some courts have rejected that contention. *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Finally, notwithstanding his contention that the BOP "is unable to provide adequate medical attention for the infectious COVID-19 virus," (Dkt. 128 at 1-2), courts in this

Circuit have found that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Accordingly, because there is no basis to reconsider the order reducing his sentence, his motion is **DENIED**.

      **DONE AND ORDERED** this 30th day of July, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record